IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IVORY WADE,

                Plaintiff,                      MEMORANDUM

                                              07-C-462-C

     v.

DR. CASTILLO, Psychiatrist,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated October 5, 2007, I granted plaintiff's second motion for appointment of counsel. Presently, the court is attempting to locate counsel to represent plaintiff. However, since I entered the October 5, 2007 order, plaintiff has filed 1) a "motion to redirect case" that I construe as a motion to transfer his case to the Eastern District of Wisconsin; 2) a third motion to appoint counsel; 3) a motion for preliminary injunction with supporting brief; 4) a letter to the court dated October 18, 2007; and a demand for jury trial dated October 21, 2007. It is likely that the first three of these submissions were mailed to the court before plaintiff received this court's October 5 order. The other two were not. Nevertheless, because I am appointing counsel to represent plaintiff, I will disregard all of his recent submissions except for his request in his October

1

18 letter for a copy of his file. Otherwise, his documents and requests relate to matters that are best left for appointed counsel to present to the court on plaintiff's behalf, if counsel determines the actions are appropriate.

In order to make it clear to plaintiff, I am advising him now that when the court appoints counsel for an individual, it is the practice of the court not to communicate directly with the represented party. Instead, the party is required to work directly with his lawyer and permit the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. If at any point plaintiff demonstrates that he is unwilling to accept these conditions, he may be required to resume prosecution of his lawsuit on his own.

With respect to plaintiff's request for a copy of the record in this case, it is not clear why he does not already have a copy or why he needs another one. When the court appoints counsel for an indigent litigant in a case, it makes a copy of the court's file for counsel. Therefore, it will not be up to plaintiff to provide his appointed counsel for a copy of the record in this case. If plaintiff wishes to pursue his request for a copy of the papers he filed in this case, he will have to pay for them at the indigent rate of $.10 a page. Including plaintiff's recent submissions, the record consists of 108 pages. Therefore, any request for

2

copies plaintiff may pursue should be accompanied by a check or money order made payable to the clerk of court in the amount of $10.80.

Entered this 24th day of October, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge